# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: TIMBERON WATER AND SANITATION DISTRICT,    No. 9-07-12142 ML

Debtor.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Objection to Petition Chapter 9 Bankruptcy of Timberon Water and Sanitation District ("Objection") filed by Arlin Gamble, Lyndal Wilcox, Dwayne Beagles, and Virgil Beagles (together, "Objectors"), by and through their counsel of record, J. Robert Beauvais, P.A. (J. Robert Beauvais). Following an evidentiary hearing on the Objection, the Court held the record open to allow Objectors to take the deposition of Olivia Padilla-Jackson of the State of New Mexico Department of Finance & Administration. Objectors' arguments focused on the good faith requirements for Chapter 9 debtors under 11 U.S.C. § 921(c) and the insolvency requirements under 11 U.S.C. § 109(c)(3) for municipalities seeking to reorganize under Chapter 9 of the Bankruptcy Code.[1]  The Court subsequently set a final hearing *sua sponte* on the threshold issue of Timberon Water and Sanitation District's eligibility under 11 U.S.C. § 109(c)(2), and the parties submitted briefs on this issue.

Upon consideration of the arguments of counsel in light of the statute and applicable case law, the Court finds that Timberon Water and Sanitation District ("Timberon") is not specifically authorized under New Mexico law to be a debtor under Chapter 9 of the Bankruptcy Code. Consequently, Timberon does not meet the eligibility requirements of 11 U.S.C. § 109(c)(2), and the bankruptcy proceeding must be dismissed.

---

[1]Objectors sought to offer Ms. Padilla-Jackson's deposition testimony as part of their good faith argument.

DISCUSSION

Municipalities are eligible to file a petition under Chapter 9 of the Bankruptcy Code provided that the entity "is specifically authorized, in its capacity as a municipality or by name, to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter." 11 U.S.C. § 109(c)(2).[2] This subsection was enacted as part of the 1994 amendments to the Bankruptcy Code, and the legislative history indicates that the statute was amended to require that a municipality be "specifically authorized" to file for bankruptcy in order "to resolve the split among the cases on the issue of whether express statutory authorization is required by state law in order for a municipality to file bankruptcy under chapter 9." *In re Slocum Lake Drainage*

---

[2]Section 109(c) provides, in full:
    An entity may be a debtor under chapter 9 of this title if and only if such entity --
        (1) is a municipality;
        (2) is specifically authorized, in its capacity as a municipality or by name, to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter;
        (3) is insolvent;
        (4) desires to effect a plan to adjust such debts; and
        (5)(A) has obtained the agreement of creditors holding at least a majority in amount of the claims of each class that such entity intends to impair under a plan in a case under such chapter;
        (B) has negotiated in good faith with creditors and has failed to obtain the agreement of creditors holding at least a majority in amount of the claims of each class that such entity intends to impair under a plan in a case under such chapter;
        (C) is unable to negotiate with creditors because such negotiation is impracticable; or
        (D) reasonably believes that a creditor may attempt to obtain a transfer that is avoidable under section 547 of this title.
11 U.S.C. 109(c).

*Dist. of Lake County,* 336 B.R. 387, 390 (Bankr.N.D.Ill 2006).[3]

Timberon bears the burden of proof regarding eligibility for relief under Chapter 9. *See Slocum,* 336 B.R. at 390 ("The Debtor has the burden of proof to establish that it is eligible to be a debtor under Chapter 9.")(citing *In re City of Bridgeport,* 129 B.R. 332, 334 (Bankr.D.Conn. 1991)). Timberon is a water and sanitation district established pursuant to the New Mexico Water and Sanitation District Act ("Water and Sanitation District Act"), N.M.S.A. 1978 § 73-21-2 through § 73-21-55 (Repl. Pamp. 2003 and Cum. Supp. 2006). Under the Water and Sanitation District Act, water and sanitation districts have general powers "to sue and be sued and to be a party to suits, actions and proceedings." N.M.S.A. 1978 § 73-21-16(C) (Repl. Pamp. 2003). The Water and Sanitation District Act further empowers water and sanitation districts

> to have and exercise all rights and powers necessary or incidental to or implied from the specific powers granted in this section. Such specific powers shall not be considered as a limitation upon any power necessary or appropriate to carry out the purposes and intent of that act.
>
> N.M.S.A. 1978 § 73-21-16(N) (Repl. Pamp. 2003).

These types of generalized statutory enabling powers are the kind that courts requiring express authorization found failed to satisfy the eligibility requirements under 11 U.S.C. § 109(c)(2)

---

[3]Prior to the enactment of this subsection, the statute provided that a municipality be "generally authorized to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter," and some courts held that generalized enabling powers provided by statute satisfied this requirement. *See, e.g., The Villages at Castle Rock Metropolitan Dist. No. 4,* 145 B.R. 76, 82 (Bankr.D.Colo. 1990)(stating that "it is sufficient if a debtor has general powers which are consistent with seeking Chapter 9 relief.)(citations omitted); *In re Pleasant View Utility District of Cheatham County,* 24 B.R. 632, 635 and 639 (Bankr.M.D.Tenn 1982)(statute providing municipality with all powers "necessary, proper or convenient" to the exercise of other municipal powers was sufficient authorization to file under Chapter 9).

3

prior to the 1994 amendment. *See, e.g., City of Bridgeport,* 129 B.R. at 334.

Timberon acknowledges that neither the Water and Sanitation District Act nor any other New Mexico statute specifically authorizes water and sanitation districts or municipalities to file for bankruptcy under Chapter 9 of the Bankruptcy Code. Instead, Timberon points out that eligibility under 11 U.S.C. § 109(c)(2) may also be conferred by a "governmental organization empowered by state law to authorize such entity to be a debtor" and asserts that the generalized powers under state law authorize Timberon's governing board to make a resolution authorizing the filing of a voluntary petition under Chapter 9 of the Bankruptcy Code. Timberon relies further on the powers accorded to municipalities generally under N.M.S.A. 1978 § 3-18-1 (Repl. Pamp. 1999), and the directive of the Water and Sanitation District Act under N.M.S.A. 1978 § 73-21-34 (Repl. Pamp. 2003) to construe the act liberally to conclude that the governing body of Timberon has the power to resolve to file for protection under Chapter 9 of the Bankruptcy Code.

Attached to the memorandum submitted by Timberon is a copy of Resolution #06/07-020 ("Resolution"), signed by the Governing Body of Timberon Water and Sanitation District, which specifically resolves that the board of directors declares Timberon insolvent, and declares further their intent to seek relief under Chapter 9 of the Bankruptcy Code. Timberon reasons that the Resolution satisfies the "specifically authorized" requirement in that it specifically identifies Timberon by name and authorizes it to be a debtor under Chapter 9, and that the board of directors is authorized to make such resolution by the general powers conferred upon it by the Water and Sanitation District Act.

This creative approach inappropriately circumvents the statutory requirement for specific

4

authorization by state law. It continues to rely on the generalized powers conferred upon the governing body of the water and sanitation district when, in fact, there is no express statutory authorization for a water and sanitation district to file for protection under Chapter 9. As stated by the court in *Slocum*, specific authorization under 11 U. S.C. § 109(c)(2) "must be 'exact, plain, and direct with well-defined limits so that nothing is left to inference or implication.'" *Slocum,* 336 B.R. at 390 (quoting *In re County of Orange,* 183 B.R. 594, 604 (Bankr.C.D.Cal. 1995)).

Timberon's reliance on 109(c)(2)'s alternate language, "or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter" to support the Resolution as a specific authorization undermines the "specifically authorized" requirement. Timberon acknowledges that 11 U.S.C. § 109(c)(2) contained the "governmental officer or organization" language before the enactment of the 1994 amendment. As discussed above, prior to the amendment, courts were divided as to whether generalized powers conferred by statute were sufficient to satisfy the eligibility requirements of 11 U.S.C. § 109(c)(2). Given that the purpose of the amendment was to require specific authorization, that purpose would not be served if a municipality were able to rely on its general powers to create a specific authorization for itself. Interpreting the statute in this manner would enable Timberon to make an end run around the "specifically authorized" requirement simply by conferring the specific authorization to file for relief under Chapter 9 of the Bankruptcy Code by its own resolution. Thus, because the legislative history of the amendment to 11 U.S.C. § 109(c)(2) to require specific authorization is clear, the general presumption of statutory construction that the use of the term "or" in a statute is disjunctive should not control. *See In re TCR of Denver, LLC,* 338

B.R. 494, 499-500 (Bankr.D.Colo. 2006)("Generally, courts presume that 'or' is used in a statute disjunctively unless there is a clear legislative intent to the contrary.").[4]

Finally, Timberon's citation to the Bateman Act which requires that local governments not become indebted beyond their ability to pay from current revenues as further support for Timberon's governing body to authorize the bankruptcy filing under Chapter 9 is inapposite. Nothing in the Bateman Act required or authorized Timberon to seek protection under Chapter 9 of the Bankruptcy Court, and, as pointed out by the Objectors, if Timberon believed that the collective bargaining agreement which it seeks to reject through the bankruptcy process in fact violated the Bateman Act, it should have proceeded to seek declaratory relief under that act.

CONCLUSION

Based on the foregoing, the Court concludes that Timberon has failed to meet the eligibility requirements under 11 U.S.C. § 109(c)(2). It is not specifically authorized to be a debtor under Chapter 9 of the Bankruptcy Code. The Court will, therefore, enter an order dismissing this bankruptcy proceeding. *See* 11 U.S.C. § 921(c) ("After any objection to the

---

[4]Objecting parties also cite to the last antecedent rule of statutory construction, which provides that "'[q]ualifying words, phrases, and clauses are ordinarily confined to the last antecedent, or to the words and phrases immediately preceding.'" *In re Wandrey,* 334 B.R. 427, 430 (Bankr.N.D.Ind. 2005) (quoting 73 AmJur.2d "Statutes", § 138 (2005)). Under this rule of statutory construction, "specifically authorized" is the modifying phrase and the last antecedent is "entity." It is not clear whether "specifically authorized" would also modify the disjunctive phrase "or by a governmental officer or organization . . ." because that phrase is not immediately preceding the modifying words. However, the last antecedent rule of statutory construction "is not controlling or inflexible . . . . [and] is not applicable where a further extension or inclusion is clearly required by the intent and meaning of the context, or disclosed by the entire act.'" *Id.* (quoting 73 AmJur.2d "Statutes", § 138). The intent and meaning of the amendment to change the language from "generally authorized" to "specifically authorized" would be undermined if the statute were interpreted to allow a governmental officer or organization with generalized powers to authorize an entity to be a debtor under Chapter 9.

6

petition, the court, after notice and a hearing, may dismiss the petition . . . if the petition does not meet the requirements of this title.").

                                              _____
                                              MARK B. McFEELEY
                                              United States Bankruptcy Judge

Date entered on docket: June 18, 2008

COPY TO:

Daniel J. Behles                                        R. Robert Beauvais
Attorney for Timberon Water and Sanitation District     Attorney for Objectors
226-A Cynthia Loop NW                                   PO Box 2408
Albuquerque, NM 87114                                   Ruidoso, NM 88345