UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: TIMBERON WATER AND SANITATION DISTRICT, No. 9-07-12142 ML

Debtor.

### ORDER GRANTING MOTION TO REOPEN AND SETTING PRELIMINARY HEARING ON OBJECTORS' REQUEST FOR AWARD OF ATTORNEY'S FEES & COSTS

THIS MATTER is before the Court on the Motion to Reopen and Award Attorney's Fees & Costs to General Objectors ("Motion") filed by Arlin Gamble, Lyndal Wilcox, Dwayne Beagles and Virgil Beagles ("General Objectors"), by and through their counsel, J. Robert Beauvais, P.A. (J. Robert Beauvais). The Motion seeks to reopen this bankruptcy proceeding for the purpose of considering General Objectors' request for attorney's fees and costs against Timberon Water and Sanitation District ("TWSD") as a sanction for filing a voluntary petition that was dismissed based on the Court's determination that TWSD lacked statutory authority to file a petition for relief under Chapter 9 of the Bankruptcy Code. TWSD filed a response (Docket No. 62), and the General Objectors filed a reply (Docket No. 63). *See* Docket No.

After consideration of the Motion, the response, and the reply, the Court finds that because General Objectors included a request for attorneys' fees costs in its Response to Debtor TWSD's Memorandum Regarding Eligibility to File for Bankruptcy Protection (Docket No. 53), the Motion should be granted.

Motions to reopen are governed by 11 U.S.C. § 350(b), which provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The Bankruptcy Court has broad discretion to determine whether to reopen a closed bankruptcy case under 11 U.S.C. § 350(b). *In*

1

*re Parker,* 264 B.R. 685, 691 (10th Cir. BAP 2001), *aff'd,* 313 F.3d 1267 (10th Cir. 2002). In accordance with Rule 5010, Fed.R.Bankr.P., which delineates the procedure for reopening a case, only the debtor or a party in interest has standing to move for the reopening of a case. *See In re Alpex Computer Corp.,* 71 F.3d 353, 356 (10th Cir. 1995). At the outset of this Chapter 9 proceeding, TWSD conceded that General Objectors had standing to object to the voluntary petition, since they were involved in ongoing litigation with TWSD and had "claims" against TWSD. This type of standing is consistent with the definition of "party in interest", broadly defined in 11 U.S.C. § 1109(b), and "'generally understood to include all persons whose pecuniary interests are, directly affected by the bankruptcy proceedings.'" *Apex,* 71 F.3d at 356 (quoting *Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson),* 5 F.3d 750, 756 (4th Cir. 1993)). The Court, therefore, finds that General Objectors have standing to file a motion to reopen under 11 U.S.C. § 350(b).

TWSD argues that there is no statutory authority for the bankruptcy court to award attorneys' fees for opposing a voluntary petition, and that the bankruptcy court lacks jurisdiction to assess fees against TWSD in light of the bankruptcy court's previous determination that TWSD is ineligible to be a debtor under Chapter 9 of the Bankruptcy Code. A bankruptcy court has inherent authority under 11 U.S.C. § 105 "to maintain order and confine improper behavior in its own proceedings." *In re Courtesy Inns, Ltd., Inc.* 40 F.3d 1084, 1089 (10th Cir. 1994)(holding that the bankruptcy court had inherent authority to impose sanctions against company president in connection with dismissal of petition based upon bad faith filing).[1] Here,

---

[1] *See also, In re Rainbow Magazine, Inc.,* 77 F.3d 278, 284 (9th Cir.1996) ("There can be little doubt that bankruptcy courts have the inherent power to sanction vexatious conduct presented before the court.").

2

because the request for attorneys' fees and costs remained pending when the bankruptcy case was dismissed, it is appropriate to reopen this case for the purpose of resolving this issue.

WHEREFORE, IT IS HEREBY ORDERED that this case be reopened. The appointment of a trustee is unnecessary since there are no assets in this case that need to be administered nor are there other services to be rendered by the trustee.

ORDERED FURTHER, that a preliminary hearing on the Motion for Fees and Damages Under § 303(I) will be held before the Honorable Mark B. McFeeley on **Tuesday, February 10, 2009 at 9:30am** in the judge's conference room, thirteenth floor, Dennis Chavez Federal Building and United States Courthouse, 500 Gold Avenue SW, Room 13017, Albuquerque, New Mexico.

**Note:** Counsel/parties may appear at the preliminary hearing via telephone if such request is made of chambers of Judge McFeeley (505-348-2545), at least one business day prior to the date set.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: February 2, 2009

COPY TO:

J. Robert Beauvais  
Attorney for General Objectors  
PO Box 2408  
Ruidoso, NM 88345

Daniel J. Behles  
Attorney for Debtor  
770 Jefferson NE, Suite 305  
Albuquerque, NM 87109