# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:   TIMBERON WATER AND SANITATION DISTRICT,            No. 9-07-12142 ML

   Debtor.

## ORDER DENYING GENERAL OBJECTORS' REQUEST FOR ATTORNEYS' FEES

THIS MATTER is before the Court on the request of Arlin Gamble, Lyndal Wilcox, Dwayne Beagles and Virgil Beagles (together, General Objectors), by and through their counsel of record, J. Robert Beauvais, for an order awarding General Objectors their attorney's fees and costs incurred in contesting the Chapter 9 bankruptcy petition filed by Timberon Water and Sanitation District ("TWSD"). General Objectors assert that the Court should exercise its authority under 11 U.S.C. § 105 to award attorney's fees and costs to General Objectors as a sanction against TWSD for its alleged bad faith filing of the Chapter 9 proceeding. After consideration of the briefs filed by General Objectors and TWSD, and after review of the record of this proceeding, the Court finds that a sanction against TWSD is not warranted. Accordingly, the Court declines to award General Objectors its attorney's fees and costs.

BACKGROUND AND PROCEDURAL HISTORY

TWSD filed a voluntary petition under Chapter 9 of the Bankruptcy Code on August 30, 2007. General Objectors filed an objection to the voluntary petition, alleging that TWSD did not meet the requirements for protection under Chapter 9 of the Bankruptcy Code and had filed its petition in bad faith. *See* Docket No. 9. The Court held a two-day hearing on General Objectors' objection to the filing of the voluntary petition, at which General Objectors presented evidence in support of their allegations that TWSD was not insolvent and failed to negotiate in good faith with its creditors prior to the filing of the petition, two requisites to proceeding under

1

Chapter 9. *See* 11 U.S.C. § 109(c)(3) and (5).[1]  General Objectors also asserted that TWSD filed its petition in bad faith.   Though raised by General Objectors in their Memorandum Brief in Support of Objection to Chapter 9 Bankruptcy Timberon Water and Sanitation District Petition (*See* Docket No. 9), neither party asserted at trial that TWSD was not eligible for relief under Chapter 9 of the Bankruptcy Code because it was not authorized by state law to file a petition under Chapter 9.

At a status conference following the trial, the Court raised this threshold issue of whether TWSD was eligible for relief under Chapter 9 of the Bankruptcy Code under 11 U.S.C. § 109(c)(2), and requested that the parties brief this issue.  In their brief regarding TWSD's eligibility, General Objectors acknowledged that the focus of their argument had been the eligibility requirements found under 11 U.S.C. § 109(c)(3) and (5), rather than 11 U.S.C. § 109(c)(2).   General Objectors also requested the Court to consider further argument regarding costs and attorney's fees under 11 U.S.C. § 105, as a sanction against TWSD.  *See* Response to Debtor TWSD's Memorandum Regarding Eligibility to File for Bankruptcy Protection ("General Objectors' Brief"), Docket No. 54.

The Court determined that TWSD is not specifically authorized under New Mexico law to be a debtor under Chapter 9 of the Bankruptcy Code, and, therefore, failed to meet the

---

[1] Those subsections provide, in relevant part:
> An entity may be a debtor under chapter 9 of this title if and only if such entity –
> (3) is insolvent;
> 5)(B) has negotiated in good faith with creditors and has failed to obtain the agreement of creditors holding at least a majority in amount of the claims of each class that such entity intends to impair under a plan in a case under such chapter[.]
>
> 11 U.S.C. § 109(c)(3) and (5)(B).

eligibility requirements of 11 U.S.C. § 109(c)(2). *See* Memorandum Opinion, Docket No. 55. Consequently, the Court dismissed TWSD's Chapter 9 bankruptcy case on June 18, 2008. *See* Order Dismissing Bankruptcy Case, Docket No. 56. The case was closed on July 2, 2008.

On October 10, 2008, General Objectors filed a motion to reopen the bankruptcy case for the limited purpose of considering their claim to attorney's fees and costs as a sanction against TWSD. The Court granted the motion and reopened the case on February 2, 2009. *See* Order Granting Motion to Reopen and Setting Preliminary Hearing on Objectors' Request for Award of Attorney's Fees and Costs, Docket No. 64. The Court directed the parties to submit briefs on the issue of whether an award of attorney's fees and costs should be entered against TWSD. The Court further authorized the parties to submit proposed findings and conclusions, and allowed General Objectors to submit the deposition transcript of Ms. Olivia Padilla-Jackson, which the Court had previously authorized General Objectors to submit following the close of evidence on their motion to dismiss.

DISCUSSION

General Objectors request the Court to exercise its inherent authority under 11 U.S.C. § 105 and award General Objectors its attorney's fees and costs incurred in connection with this bankruptcy case as a sanction against TWSD for its alleged bad faith filing of its voluntary petition under Chapter 9 of the Bankruptcy Code. That section provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
> 11 U.S.C. § 105(a).

Bankruptcy courts have relied upon 11 U.S.C. § 105(a) to impose an award of attorney's fees

and costs against a party as a sanction for bad faith conduct. *See, e.g., In re U.S. Voting Mach, Inc.,* 224 B.R. 165, 169 (Bankr.D.Colo. 1998)(stating that "[c]ourts still retain the inherent power to impose monetary sanctions for conduct determined by the court to be abusive, unwarranted or in bad faith."); *In re Deville,* 280 B.R. 483, 495 (9th Cir. BAP 2002), *aff'd,* 361 F.2d 539 (9th Cir. 2004) ("Sanctions under a court's inherent power [under § 105] are justified against a party who willfully disobeys a court order or acts in bad faith, 'which includes a broad range of willful improper conduct.'")(quoting *Fink v. Gomez,* 239 F.3d 989, 991-92 (9th Cir. 2001)).[2] Whether to impose sanctions under the court's inherent power as a punishment for willful or bad faith conduct lies within the court's discretion.[3] But in order to impose sanctions under its inherent power, "a court must find that a party acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Deville,* 280 B.R. at 495 (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). In addition, the bankruptcy court may not use 11 U.S.C. § 105(a) to contravene the Bankruptcy Code; the court's inherent power

---

[2]*See also, In re Courtesy Inns, Ltd., Inc.* 40 F.3d 1084, 1089 (10th Cir. 1994)(stating that a bankruptcy court has inherent authority under 11 U.S.C. § 105 "to maintain order and confine improper behavior in its own proceedings" and holding that the bankruptcy court had inherent authority to impose sanctions against company president in connection with dismissal of petition based upon bad faith filing); *Providian Nat'l Bank v. Vitt (In re Vitt),* 250 B.R. 711, 723 (Bankr.D.Colo. 2000), *aff'd on other grounds,* 269 B.R. 232 (D.Colo. 2001)(stating that "Section 105(a) is intended to empower bankruptcy courts with the inherent powers imbued in the federal district court to sanction conduct abusive of judicial process.")(citing *Courtesy Inns,* 40 F.3d at 1089 and *In re Skinner,* 917 F.2d 444, 447 (10th Cir. 1990)).

[3]*See Vitt,* 250 B.R. at 723, n.17 ("where the bankruptcy court sanctions parties pursuant to its inherent authority, its decision is reviewed for an abuse of discretion and its factual findings subject to the clearly erroneous standard.")(citing *In re Aspen Limousine Service, Inc.,* 198 B.R. 341, 344 (D.Colo. 1996)).

4

under 11 U.S.C. § 105(a) can only be used in furtherance of the Bankruptcy Code.[4]

The Court dismissed TWSD's case on grounds other than those relied upon by General Objectors in pursuing their motion to dismiss. At the time, there was no precedent in this district as to whether a water and sanitation district is eligible for relief under Chapter 9 of the Bankruptcy Code. The Court is not inclined to impose sanctions when it dismissed the bankruptcy proceeding based upon a matter of first impression in this district. The facts upon which General Objectors now rely in their request for an award of attorney's fees, though alleged by General Objectors in their motion to dismiss TWSD's Chapter 9 petition, were not relied upon by the Court in reaching its determination to dismiss the Chapter 9 case. The testimony offered at the trial on the General Objectors' motion to dismiss as well as the deposition transcript of Ms. Padilla-Jackson indicate that there was likely a breakdown in communications, but the evidence regarding TWSD's insolvency offered at trial was not conclusive. Moreover, as stated above, the Court did not make a determination as to TWSD's good faith nor as to insolvency in disposing of General Objectors' motion to dismiss. Thus, even though it is evident that the parties hotly contested the filing of TWSD's chapter 9 proceeding, the Court cannot say that the filing of TWSD's chapter 9 proceeding was improperly vexatious, unnecessary, or abusive.

---

[4] *In re Enloe,* 373 B.R. 123, 135 (Bankr.D.Colo. 2007)(citing *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007)).

WHEREFORE, IT IS HEREBY ORDERED that General Objectors' request for attorneys' fees and costs as a sanction against the Debtor is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: June 12, 2009

COPY TO:

J. Robert Beauvais
Attorney for General Objectors
PO Box 2408
Ruidoso, NM 88345

Daniel J. Behles
Attorney for Debtor
770 Jefferson NE, Suite 305
Albuquerque, NM 87109

J:\Orders\TimburonAttorneyFEesOrder.wpd